# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2020

No. 19-40490
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL LAUREL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-1263-24

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Daniel Laurel appeals his jury conviction for one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and two counts of money laundering in violation of § 1956(a)(1)(B)(i) and 18 U.S.C. § 2. Laurel contends that the district court abused its discretion by allowing IRS Special Agent Jeanette Elizondo to provide conclusory testimony regarding his mental state, a required element of the charged offenses. Specifically, he challenges

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40490

Elizondo's testimony agreeing that by splitting the total deposit into multiple accounts and keeping each deposit under $10,000, the depositors were evading or attempting to evade the banks' reporting requirements.  We review a district court's evidentiary rulings for abuse of discretion, "subject to harmless error review."  *United States v. Ebron*, 683 F.3d 105, 133 (5th Cir. 2012) (internal quotation marks and citation omitted).

Elizondo was neither offered nor qualified as an expert, and the record belies Laurel's conclusory suggestion that the agent was "perceived" as an expert because she was an IRS agent.  Indeed, Elizondo admitted on cross that she was not "an expert witness on the law."  Because the challenged testimony was based on Elizondo's personal perception of the facts, common sense inferences, and past experience formed from firsthand observation, it is properly considered lay opinion testimony.  *See Ebron*, 683 F.3d at 136-38.

Elizondo did not testify that Laurel made any of the bank deposits at issue or that he chose the amounts to be deposited in each account.  Thus, the challenged testimony was neither a direct comment on Laurel's mental state nor an impermissible legal conclusion as to whether he was guilty of the charged offenses.  The district court's admission of the challenged testimony was not an abuse of discretion.  *See Ebron*, 683 F.3d at 133.

In any event, any error in admitting the challenged testimony was harmless.  Coconspirators testified that the illegal drug proceeds were deposited into multiple accounts and kept below $10,000 to avoid the banks' reporting requirements, that Laurel knew the cash deposits were illegal drug proceeds, and that Laurel knew the deposits had to be kept below $10,000.  Bank records showing that every deposit was below $10,000—but often at least $9,000—strongly corroborated that testimony.  And the jury was twice instructed to disregard Elizondo's opinions as to whether Laurel's conduct

satisfied the requisite elements of the charged offenses.  Finally, the jury acquitted Laurel of conspiracy to structure financial transactions to evade reporting requirements.  That the jury acquitted on the count most directly related to Elizondo's challenge testimony belies the idea that the agent's testimony was influential.  For all these reasons, there is no reasonable possibility that the challenged testimony contributed to Laurel's convictions on the laundering counts.  *See United States v. Mendoza-Medina*, 346 F.3d 121, 127 (5th Cir. 2003).

The district court's judgment is AFFIRMED.